FILED by CF D.C.
ELECTRONIC

JAN 17, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20470-CR-LENARD(s)
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
31 U.S.C. § 5332(a)
21 U.S.C. § 853
31 U.S.C. § 5317(c)(1)
31 U.S.C. § 5332(b)(2)

UNITED STATES OF AMERICA

vs.

ALVARO LOPEZ TARDON,
ARTEMIO LOPEZ TARDON,
FABIANI KRENTZ,
DAVID WILLIAM POLLACK,
    a/k/a "Maverick," and
VINCENTE ORLANDO CARDELLE,
    a/k/a "Padrino,"
                  Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning in or around 2001, and continuing until the return of this Superseding Indictment, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

ALVARO LOPEZ TARDON,
ARTEMIO LOPEZ TARDON,
FABIANI KRENTZ, and
DAVID WILLIAM POLLACK,
a/k/a "Maverick,"

did knowingly combine, conspire, confederate, and agree with each other and other persons, both known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, that is,

 1. to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, knowing that the transaction was designed in whole and in part to:

 (a) conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

 (b) avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

 2. transport, transmit and transfer funds to a place in the United States from a place outside the United States, knowing that the funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transportation, transmission and transfer was designed in whole and in part to:

 (a) conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

 (b) avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii);

 3. to knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value

2

greater than $10,000, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is the manufacture, importation, sale and distribution of a controlled substance, punishable under the laws of the United States, Spain and Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2-14

On or about the dates set forth as to each count listed below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ALVARO LOPEZ TARDON,**

did knowingly engage in a monetary transaction affecting interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000 and such property having been derived from specified unlawful activity, as more specifically described below:

| Count | Approx. Date | Monetary Transaction |
|-------|--------------|----------------------|
| 2 | 9/22/08 | Provided Colonial Bank with a wire transfer of approximately $131,772 from a Bank of America account ending in 9920 for a mortgage payment on 2475 South Bayshore Drive Villa 3 Miami, Florida |
| 3 | 5/11/09 | Transferred approximately $988,224.81 from a Bancaja (Spain) account ending in 4333 into a Bank of America loan account ending in 2112 |
| 4 | 8/21/09 | Transferred approximately $264,970 from Bancaja (Spain) account ending in 4333 into a Bank of America loan account ending in 2112 |

3

| 5 | 9/23/09 | Provided Mercedes-Benz of Palm Beach Colonial Bank check no. 201484441 for $91,550 in partial payment for the purchase of a Mercedes-Benz Maybach 57S automobile |
|---|---|---|
| 6 | 9/23/09 | Provided Mercedes-Benz of Palm Beach cashier's check no. 7080464 for $243,000 in partial payment for the purchase of a Mercedes-Benz Maybach 57S automobile |
| 7 | 2/16/10 | Provided Bill Ussery Motors (Mercedes-Benz of Coral Gables) with a wire transfer of approximately $130,630 from a Bancaja (Spain) account ending in 9686 for the purchase of a Mercedes-Benz G55 AMG automobile |
| 8 | 2/16/10 | Provided Land Rover of South Dade cashier's check no. 7884290 for $104,955.69 for the purchase of a Land Rover Range Rover automobile |
| 9 | 11/9/10 | Provided Formula 1 Sports Cars with a wire transfer of approximately $1,246,024 from a Bank of America account ending in 9920 for the purchase of a Bugatti Veyron automobile |
| 10 | 12/8/10 | Provided Brahman Motors approximately $10,720 in United States currency for service on a Bugatti Veyron automobile |
| 11 | 12/22/10 | Provided Brown Safes with a wire transfer of approximately $103,000 from a Bank of America account ending in 7922 for the purchase of a safe |
| 12 | 1/12/11 | Provided Steven Harris Imports $20,000 (debit card transaction from a Bank of America account ending in 9920) in partial payment for the purchase of a Ferrari Enzo automobile |
| 13 | 1/27/11 | Provided Steven Harris Imports with a wire transfer of approximately $981,990 from a Bank of America account ending in 9920 in partial payment for the purchase of a Ferrari Enzo automobile |
| 14 | 6/11/11 | Provided Mercedes-Benz of Coral Gables $131,860 in United States currency for the purchase of a Mercedes-Benz G55K automobile |

It is further alleged that the specified unlawful activity is the manufacture, importation, sale and distribution of a controlled substance, punishable under the laws of the United States, Spain and Colombia.

In violation of Title 18, United States Code, Sections 1957 and 2.

4

## COUNT 15

On or about April 12, 2011, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, the defendant,

**VINCENTE ORLANDO CARDELLE,**
a/k/a "Padrino,"

with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal more than ten thousand dollars ($10,000) in foreign currency, that is, twenty-one thousand six hundred five (21,605) Euros, on his person and in any conveyance, and did attempt to transport such foreign currency from a place within the United States to a place outside of the United States, in violation of Title 31, United States Code, Section 5332(a) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ALVARO LOPEZ TARDON, ARTEMIO LOPEZ TARDON, FABIANI KRENTZ, DAVID WILLIAM POLLACK, a/k/a "Maverick,"** and **VINCENTE ORLANDO CARDELLE, a/k/a "Padrino"** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956 and/or Title 18, United States Code, Section 1957, as alleged in this Superseding Indictment, the defendant so convicted shall forfeit all of his right, title and interest to the United States, in any property, real or personal, involved in such violation, or in any property traceable to such property, pursuant to Title 18, United States Code, 982(a)(1).

5

3. The property which is subject to forfeiture upon conviction of a violation of Title 18, United States Code, Section 1956 and/or a violation of Title 18, United States Code, Section 1957, includes, but is not limited to, the following:

(a) <u>Forfeiture Money Judgment</u>: Approximately $26,443,771 in United States currency, which is a sum of money equal in value to the property involved in the violations alleged in this Superseding Indictment, which the United States will seek as a personal forfeiture money judgment, jointly and severally, against **ALVARO LOPEZ TARDON, ARTEMIO LOPEZ TARDON, FABIANI KRENTZ** and **DAVID WILLIAM POLLACK, a/k/a "Maverick"** as part of their respective sentence upon conviction.

(b) <u>Automobiles</u>:

(1) One 2008 Bugatti Veyron (VIN: VF9SA25C08M795118);

(2) One 2003 Ferrari Enzo (VIN: ZFFCW56A830133927);

(3) One 2010 Rolls-Royce Ghost (VIN: SCA664S50AUX48905);

(4) One 2006 Mercedes-Benz SLR McLaren (VIN: WDDAJ76F06M000724);

(5) One 2009 Mercedes-Benz Maybach 57S (VIN: WDBVF79J89A002576);

(6) One 2011 Mercedez-Benz G-Class (VIN: WDCYC7BF8BX190896);

(7) One 2010 Mercedes-Benz G55K (VIN: WDCYC7BF8AX183252);

(8) One 2006 Mercedes-Benz E350 (VIN: WDBUF56J06A806452);

(9) One 2008 Mercedes-Benz S550 (VIN: WDDNG86X78A201264);

(10) One 2006 BMW 325i (VIN: WBAVB13546PT02739);

(11) One 2010 Mercedes-Benz S63 (VIN: WDDNG7HB9AA289039); and

(12) One 2010 Land Rover Range Rover (VIN: SALMF1E48AA327736).

6

(c) <u>Real Property</u>:

(1) Real property known and numbered as 2475 S. Bayshore Drive, Villa 3, Coconut Grove, FL 33133, with all appurtenances, improvements and attachments thereon;

(2) Real property known and numbered as 100 S Pointe Drive, #3801, Miami Beach, FL 33139, with all appurtenances, improvements and attachments thereon;

(3) Real property known and numbered as 1155 Brickell Bay Drive, #202, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(4) Real property known and numbered as 1155 Brickell Bay Drive, #302, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(5) Real property known and numbered as 1155 Brickell Bay Drive, #502, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(6) Real property known and numbered as 1155 Brickell Bay Drive, #2703, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(7) Real property known and numbered as 325 S. Biscayne Blvd., #621, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(8) Real property known and numbered as 325 S. Biscayne Blvd., #715, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(9) Real property known and numbered as 325 S. Biscayne Blvd., #819, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(10) Real property known and numbered as 335 S. Biscayne Blvd., #307, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(11) Real property known and numbered as 335 S. Biscayne Blvd., #607, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(12) Real property known and numbered as 335 S. Biscayne Blvd., #705, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(13) Real property known and numbered as 335 S. Biscayne Blvd., #707, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(14) Real property known and numbered as 107 Oscelake Way, Hendersonville, NC, with all appurtenances, improvements and attachments thereon; and

(15) Real property known and numbered as 1000 S Pointe Dr., Unit #908, Miami Beach, Florida 33139, with all appurtenances, improvements and attachments thereon; and

(16) Real property known and numbered as 404 Golden Drive, Pharr, Texas, 78577, with all appurtenances, improvements and attachments thereon.

(d) <u>Bank Accounts</u>:

(1) All principal, deposits, interest, dividends and other amounts credited to account number 229020347922 at Bank of America in the name of Alvaro Lopez Tardon;

(2) All principal, deposits, interest, dividends and other amounts credited to account number 3760689920 at Bank of America in the name of Alvaro Tardon, Artemio Lopez Tardon, and Maria D. Tardon Lopez;

(3) All principal, deposits, interest, dividends and other amounts credited to account number 229020364989 at Bank of America in the name of Alvaro Lopez Tardon;

(4) All principal, deposits, interest, dividends and other amounts credited to account number 3768372019 at Bank of America in the name of Alvaro Lopez Tardon and Fabiani Krentz;

(5) All principal, deposits, interest, dividends and other amounts credited to account number 229016239866 at Bank of America in the name of Sharon Cohen, Maria De Las Nieves Tardon Lopez;

8

(6) All principal, deposits, interest, dividends and other amounts credited to account number 229015785133 at Bank of America in the name of Alvaro Lopez Tardon and MIAONE 2, LLC;

(7) All principal, deposits, interest, dividends and other amounts credited to account number 229015785308 at Bank of America in the name of Alvaro Lopez Tardon and MIAONE 1, LLC;

(8) All principal, deposits, interest, dividends and other amounts credited to account number 229020364989 at Bank of America in the name of Alvaro Lopez Tardon;

(9) All principal, deposits, interest, dividends and other amounts credited to account number 229037949711 at Bank of America in the name of Alvaro Lopez Tardon;

(10) All principal, deposits, interest, dividends and other amounts credited to account number 8042615305 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAONE 1, LLC;

(11) All principal, deposits, interest, dividends and other amounts credited to account number 8048296399 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of The Collection Sport of Miami and Sharon Cohen;

(12) All principal, deposits, interest, dividends and other amounts credited to account number 8053316819 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon;

(13) All principal, deposits, interest, dividends and other amounts credited to account number 1100002143680 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAMARK LLC;

(14) All principal, deposits, interest, dividends and other amounts credited to account number 80532220225 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the

9

name of Alvaro Lopez Tardon and MIAMARK LLC;

(15) All principal, deposits, interest, dividends and other amounts credited to account number 3665399205 at Bank of America in the name of Fabiani Krentz;

(16) All principal, deposits, interest, dividends and other amounts credited to account number 1010151739808 at WellsFargo-Wachovia Bank in the name of Fabiani Krentz and FK Kitchen LLC;

(17) All principal, deposits, interest, dividends and other amounts credited to account number 9117815581 at Citibank in the name of Fabiani Krentz;

(18) All principal, deposits, interest, dividends and other amounts credited to account number 9116917354 at Citibank in the name of Fabiani Krentz;

(19) All principal, deposits, interest, dividends and other amounts credited to account number 8980008255329 at Bank of America in the name of David William Pollack;

(20) All principal, deposits, interest, dividends and other amounts credited to account number 4436777819 at Bank of America in the name of David W. Pollack;

(21) All principal, deposits, interest, dividends and other amounts credited to account number 5499482713 at Bank of America in the name of David W. Pollack;

(22) All principal, deposits, interest, dividends and other amounts credited to account number 5566543857 at Bank of America in the name of David W. Pollack;

(23) All principal, deposits, interest, dividends and other amounts credited to account number 9983716386 at WellsFargo-Wachovia Advisor in the name of David William Pollack;

(24) All principal, deposits, interest, dividends and other amounts credited to account number 5093-8341 at WellsFargo-Wachovia Advisor in the name of David Pollack;

(25) All principal, deposits, interest, dividends and other amounts credited

10

to account number 0414-499880 at WellsFargo-Wachovia Advisor in the name of David Pollack; and

(26) All principal, deposits, interest, dividends and other amounts credited to account number 17000071220745 at South Florida Educational Federal Credit Union in the name of David William Pollack.

    (e)    Personal Effects.

        (1)    One (1) diamond holder, with eight (8) diamonds;

        (2)    Eight (8) watches:

            (a)    one (1) Audemars Peguet - black/silver with blue face;

            (b)    one (1) Audemars Peguet - black/silver with white face;

            (c)    one (1) Audemars Peguet - black/blue face;

            (d)    one (1) Audemars Peguet - white/red face;

            (e)    one (1) Audemars Peguet Ltd Edition 93/150 - blue/white & red face;

            (f)    one (1) Royal Oak Offshore - red/black/yellow face, Ltd Ed 724/150;

            (g)    one (1) Royal Oak Offshore Grand Prix - copper/black; and

            (h)    one (1) Royal Oak Offshore Limited Ed. Juan P. Montoya - black/blue/white; and

        (3)    Seven (7) miscellaneous items of jewelry:

            (a)    one (1) silver bracelet chain;

            (b)    one (1) chain with ivory tusk;

            (c)    one (1) gold/silver color bracelet;

11

(d) gold/silver color necklace;

(e) cheetah print tusk;

(f) gold/black watch with diamond Cartier; and

(g) extra link.

4. Upon conviction of a violation of Title 31, United States Code, Section 5332, as alleged in this Superseding Indictment, **VINCENTE ORLANDO CARDELLE, a/k/a "Padrino,"** shall forfeit all of his right, title and interest to the United States in any property, real or personal, involved in such violation and in any property traceable to such property, pursuant to Title 31, United States Code, Section 5332(b)(2).

5. The property which is subject to forfeiture upon conviction of a violation of Title 31, United States Code, Section 5332 includes, but is not limited to, the following: approximately 10,000 Euros, which was seized from **VINCENTE ORLANDO CARDELLE, a/k/a "Padrino,"** on or about April 12, 2011.

6. If the property described as being subject to forfeiture in this Superseding Indictment, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the property described in subparagraphs (a) through (e) of this paragraph and, in addition, to require the defendants to return

12

any such property to the jurisdiction of the Court for seizure and for forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1), Title 31, United States Code, Section 5332(b)(2) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1) and Title 31, United States Code, Section 5332(b)(3), respectively.

A TRUE BILL

_____
FOREPERSON

/s/ Wifredo A. Ferrer
WIFREDO A. FERRER
UNITED STATES ATTORNEY

/s/ Juan Antonio Gonzalez
JUAN ANTONIO GONZALEZ
ASSISTANT UNITED STATES ATTORNEY

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ALVARO LOPEZ TARDON, et al.,

     Defendants.
_____/

CASE NO.   11-20470-CR-LENARD(s)

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

- X Miami    ___ Key West
- ___ FTL     ___ WPB   ___ FTP

New Defendant(s)   Yes ___   No _X_
Number of New Defendants   0
Total number of counts   15

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   _X_
   List language and/or dialect   SPANISH

4. This case will take   20   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days   ___
   - II   6 to 10 days   ___
   - III   11 to 20 days   _X_
   - IV   21 to 60 days   ___
   - V   61 days and over   ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem.   ___
   - Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No)   NO
   If yes:
   Judge:   Joan A. Lenard    Case No.   11-20470-CR-JAL
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)   NO
   If yes:
   Magistrate Case No.
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of   7/14/2011
   Defendant(s) in state custody as of
   Rule 20 from the      District of

   Is this a potential death penalty case? (Yes or No)   NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

           _/s/ Juan A. Gonzalez, Jr._
           JUAN A. GONZALEZ, JR.
           ASSISTANT UNITED STATES ATTORNEY
           Florida Bar No./Court No. 897388

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ALVARO LOPEZ TARDON

**Case No:** 11-20470-CR-LENARD(s)

Count #: 1

  Conspiracy to commit money laundering

  Title 18, United States Code, Section 1956(h)

* **Max.Penalty**: 20 years imprisonment

---

Count #: 2-14

  Money Laundering

  Title 18, United States Code, Section 1957

* **Max.Penalty**: 10 years imprisonment

---

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ARTEMIO LOPEZ TARDON

**Case No:** 11-20470-CR-LENARD(s)

Count #: 1

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)

* **Max.Penalty:** 20 years imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: FABIANI KRENTZ**

**Case No**: 11-20470-CR-LENARD(s)

Count #: 1

  Conspiracy to commit money laundering

  Title 18, United States Code, Section 1956(h)

\* **Max.Penalty**: 20 years imprisonment

---

\***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: DAVID WILLIAM POLLACK, a/k/a "Maverick"**

Case No: 11-20470-CR-LENARD(s)

Count #: 1

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)

\* **Max.Penalty**: 20 years imprisonment

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** VICENTE ORLANDO CARDELLE, a/k/a "Padrino"

**Case No:** 11-20470-CR-LENARD(s)

Count #: 15

Bulk Cash Smuggling

Title 31, United States Code, Section 5332(a)

\* **Max.Penalty**: 5 years imprisonment

---

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.