UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.11-20470-CR-LENARD

UNITED STATES OF AMERICA

vs.

DAVID WILLIAM POLLACK

       Defendant.

_____/

## PLEA AGREEMENT

The United States of America and **DAVID WILLIAM POLLACK** (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count One of the Superseding Indictment, which count charges the defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

2.      The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not

bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $500,000 or twice the value of the property involved in the transaction.

4.      The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.      The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

2

6.      The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. That, pursuant to Section 2S1.1(a)(1), the defendant committed the underlying offense and the offense level for that offense can be determined.

b. That the underlying offense involved more than 150 kilograms of cocaine.

c. That the defendant receive a two level decrease under 2D1.1(16) if he meets the criteria of Section 5C1.2(a) (1-5).

d. That the defendant is convicted under 18 U.S.C. § 1956.

e. That the value of the laundered funds was more than $7,000,000 but less than $20,000,000.

f. That pursuant to Section 3B1.2(b), the defendant should  receive a two level decrease for his role as a minor participant in the money laundering conspiracy.

7.      The United States and the defendant further agree, although not binding on the probation office or the Court, that no other adjustment pursuant to chapter 3 of the Sentencing Guidelines are applicable and, that neither the United States nor the defendant will seek an upward or downward departure from the otherwise applicable guidelines range except as detailed below.

8.      The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c)  if requested by this

3

Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

4

11.     The defendant further agrees to forfeit to the United States, voluntarily and immediately, all of his right, title and interest in any property, real or personal, involved in the offense to which the defendant agrees to plead guilty herein, or in any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853. The defendant specifically agrees to forfeit to the United States all of his right, title and interest, if any, in the following assets, or their substitute property:

      a.     Automobiles:

      (1)     One 2008 Bugatti Veyron (VIN: VF9SA25C08M795118);

      (2)     One 2003 Ferrari Enzo (VIN: ZFFCW56A830133927);

      (3)     One 2010 Rolls-Royce Ghost (VIN: SCA664S50AUX48905);

      (4)     One 2006 Mercedes-Benz SLR McLaren (VIN: WDDAJ76F06M000724);

      (5)     One 2009 Mercedes-Benz Maybach 57S (VIN: WDBVF79J89A002576);

      (6)     One 2011 Mercedez-Benz G-Class (VIN: WDCYC7BF8BX190896);

      (7)     One 2010 Mercedes-Benz G55K (VIN: WDCYC7BF8AX183252);

      (8)     One 2006 Mercedes-Benz E350 (VIN: WDBUF56J06A806452);

      (9)     One 2008 Mercedes-Benz S550 (VIN: WDDNG86X78A201264);

      (10)     One 2006 BMW 325i (VIN: WBAVB13546PT02739);

      (11)     One 2010 Mercedes-Benz S63 (VIN: WDDNG7HB9AA289039); and

      (12)     One 2010 Land Rover Range Rover (VIN: SALMF1E48AA327736).

b.    Real Property:

(1)    Real property known and numbered as 2475 S. Bayshore Drive, Villa 3, Coconut Grove, FL 33133, with all appurtenances, improvements and attachments thereon;

(2)    Real property known and numbered as 100 S Pointe Drive, #3801, Miami Beach, FL 33139, with all appurtenances, improvements and attachments thereon;

(3)    Real property known and numbered as 1155 Brickell Bay Drive, #202, Miami, FL 33131, with all appurtenances, improvements and attachments thereon

(4)    Real property known and numbered as 1155 Brickell Bay Drive, #302, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(5)    Real property known and numbered as 1155 Brickell Bay Drive, #502, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(6)    Real property known and numbered as 1155 Brickell Bay Drive, #2703, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(7)    Real property known and numbered as 325 S. Biscayne Blvd., #621, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(8)    Real property known and numbered as 325 S. Biscayne Blvd., #715, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(9)    Real property known and numbered as 325 S. Biscayne Blvd., #819, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(10)    Real property known and numbered as 335 S. Biscayne Blvd., #307, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(11)    Real property known and numbered as 335 S. Biscayne Blvd., #607, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(12)    Real property known and numbered as 335 S. Biscayne Blvd., #705, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(13)    Real property known and numbered as 335 S. Biscayne Blvd., #707, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(14)    Real property known and numbered as 1000 S Pointe Dr., Unit #908, Miami Beach, Florida 33139, with all appurtenances, improvements and attachments thereon; and

(15)    Real property known and numbered as 404 Golden Drive, Pharr, Texas, 78577, with all appurtenances, improvements and attachments thereon.

    d.    <u>Bank Accounts</u>:

(1)    All principal, deposits, interest, dividends and other amounts credited to account number 229020347922 at Bank of America in the name of Alvaro Lopez Tardon;

(2)    All principal, deposits, interest, dividends and other amounts credited to account number 3760689920 at Bank of America in the name of Alvaro Tardon, Artemio Lopez Tardon, and Maria D. Tardon Lopez;

(3)    All principal, deposits, interest, dividends and other amounts credited to account number 229020364989 at Bank of America in the name of Alvaro Lopez Tardon;

(4)    All principal, deposits, interest, dividends and other amounts credited to account number 3768372019 at Bank of America in the name of Alvaro Lopez Tardon and Fabiani Krentz;

(5)     All principal, deposits, interest, dividends and other amounts credited to account number 229016239866 at Bank of America in the name of Sharon Cohen, Maria De Las Nieves Tardon Lopez;

(6)     All principal, deposits, interest, dividends and other amounts credited to account number 229015785133 at Bank of America in the name of Alvaro Lopez Tardon and MIAONE 2, LLC;

(7)     All principal, deposits, interest, dividends and other amounts credited to account number 229015785308 at Bank of America in the name of Alvaro Lopez Tardon and MIAONE 1, LLC;

(8)     All principal, deposits, interest, dividends and other amounts credited to account number 229020364989 at Bank of America in the name of Alvaro Lopez Tardon;

(9)     All principal, deposits, interest, dividends and other amounts credited to account number 229037949711 at Bank of America in the name of Alvaro Lopez Tardon;

(10)     All principal, deposits, interest, dividends and other amounts credited to account number 8042615305 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAONE 1, LLC;

(11)     All principal, deposits, interest, dividends and other amounts credited to account number 8048296399 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of The Collection Sport of Miami and Sharon Cohen;

(12)     All principal, deposits, interest, dividends and other amounts credited to account number 8053316819 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon;

8

(13)     All principal, deposits, interest, dividends and other amounts credited to account number 1100002143680 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAMARK LLC;

(14)     All principal, deposits, interest, dividends and other amounts credited to account number 80532220225 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAMARK LLC;

(15)     All principal, deposits, interest, dividends and other amounts credited to account number 3665399205 at Bank of America in the name of Fabiani Krentz;

(16)     All principal, deposits, interest, dividends and other amounts credited to account number 1010151739808 at WellsFargo-Wachovia Bank in the name of Fabiani Krentz and FK Kitchen LLC;

(17)     All principal, deposits, interest, dividends and other amounts credited to account number 9117815581 at Citibank in the name of Fabiani Krentz;

(18)     All principal, deposits, interest, dividends and other amounts credited to account number 9116917354 at Citibank in the name of Fabiani Krentz;

(19)     All principal, deposits, interest, dividends and other amounts credited to account number 8980008255329 at Bank of America in the name of David William Pollack;

(20)     All principal, deposits, interest, dividends and other amounts credited to account number 4436777819 at Bank of America in the name of David W. Pollack;

(21)     All principal, deposits, interest, dividends and other amounts credited to account number 5499482713 at Bank of America in the name of David W. Pollack;

(22)    All principal, deposits, interest, dividends and other amounts credited to account number 5566543857 at Bank of America in the name of David W. Pollack;

(23)    All principal, deposits, interest, dividends and other amounts credited to account number 9983716386 at WellsFargo-Wachovia Advisor in the name of David William Pollack;

(24)    All principal, deposits, interest, dividends and other amounts credited to account number 5093-8341 at WellsFargo-Wachovia Advisor in the name of David Pollack;

(25)    All principal, deposits, interest, dividends and other amounts credited to account number 0414-499880 at WellsFargo-Wachovia Advisor in the name of David Pollack; and

(26)    All principal, deposits, interest, dividends and other amounts credited to account number 17000071220745 at South Florida Educational Federal Credit Union in the name of David William Pollack.

      d.   <u>Personal Effects</u>.

(1)    One (1) diamond holder, with eight (8) diamonds;

(2)    Eight (8) watches:

    (a)    one (1) Audemars Peguet - black/silver with blue face;

    (b)    one (1) Audemars Peguet - black/silver with white face;

    (c)    one (1) Audemars Peguet - black/blue face;

    (d)    one (1) Audemars Peguet - white/red face;

    (e)    one (1) Audemars Peguet Ltd Edition 93/150 - blue/white & red face;

      (f)     one (1) Royal Oak Offshore - red/black/yellow face, Ltd Ed 724/150;

      (g)     one (1) Royal Oak Offshore Grand Prix - copper/black; and

      (h)     one (1) Royal Oak Offshore Limited Ed. Juan P. Montoya - black/blue/white; and

    (3)     Seven (7) miscellaneous items of jewelry:

      (a)     one (1) silver bracelet chain;

      (b)     one (1) chain with ivory tusk;

      (c)     one (1) gold/silver color bracelet;

      (d)     gold/silver color necklace;

      (e)     cheetah print tusk;

      (f)     gold/black watch with diamond Cartier; and

      (g)     extra link

(Automobiles, Real Property, Bank Accounts and Personal Effects hereinafter collectively referred to as the "Property").

12.    The defendant specifically agrees to the entry of a forfeiture money judgment in the amount of $26,443,771 in United States currency (hereinafter referred to as the "Forfeiture Money Judgment").

13.    The defendant knowingly and voluntarily agrees that the Forfeiture Money Judgment is equal in value to the property, real or personal, involved in the offense to which the defendant agrees to plead guilty herein, or to the property traceable to such property.

14.     The defendant knowingly and voluntarily agrees to waive the following rights regarding forfeiture of the Property and the entry of the Forfeiture Money Judgment: (a) the defendant's right to a hearing to determine the nexus between the Property and the offense to which he agrees to plead guilty herein and to determine the amount of the Forfeiture Money Judgment; (b) all constitutional, legal, and equitable defenses to the forfeiture of the Property and to the entry of the Forfeiture Money Judgment; (c) any constitutional or statutory double jeopardy defense or claim concerning the forfeiture of the Property and the entry of the Forfeiture Money Judgment; and (d) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the forfeiture of the Property and the entry of the Forfeiture Money Judgment.

15.     The defendant also agrees that he shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer or surrender of all of her rights, title, and interest, regardless of their nature or form, in any substitute property which may be used to satisfy the Forfeiture Money Judgment, in whole or in part, pursuant to Title 21, United States Code, Section 853(p), including real and personal property, cash and other monetary instruments, wherever located. Such assistance requires the following, among other things: (a) the defendant agreeing to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture as substitute property; and (2) the defendant assisting in the transfer of such substitute property by delivery to the United States upon the United States' request, all necessary and appropriate documentation with respect to such property, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to such property.

16.    Specifically, the defendant further agrees to forfeit all of his right, title and interest in the following substitute property, pursuant to Title 21, United States Code, Section 853(p):

    (a)    Buti gold-in-color watch with black wrist;

    (b)    Buti gold-in-color watch;

    (c)    Luminor Panerai silver-in-color watch; and

    (d)    Buti silver-in-color watch.

17.    The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion or recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement, including any representations contained herein; or (3) commits any misconduct after entering into this plea

13

agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. Furthermore, should the defendant misrepresent facts to the government prior to entering into this plea agreement, including any representations contained herein or commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official, the United States may void this entire agreement or any portion thereof. The defendant agrees not to withdraw his plea of guilty should the United States choose to exercise this option.

18.     The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he/she has discussed the appeal waiver set forth in this agreement with his/her attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the

defendant's waiver of his/her right to appeal the sentence to be imposed in this case was knowing and voluntary.

19.     By signing this agreement, the defendant acknowledges that he has discussed fully with his defense counsel this plea agreement and its consequences including the various waivers set forth herein, and that the defendant understands the nature and consequences of the plea agreement including the various waives set forth herein.  The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's entry into this plea agreement, including the various waivers set forth herein, is both knowing and voluntary.

20.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

21.     The defendant is aware that entering this agreement may affect his immigration status.

15

22.    This is the entire agreement and understanding between the United States and the

defendant.  There are no other agreements, promises, representations, or understanding.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 4/25/12          By: _____
JUAN A. GONZALEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

Date: 4/25/12          By: _____
DAVID RABEN, ESQUIRE
ATTORNEY FOR DEFENDANT

Date: 4/25/12          By: _____
DAVID WILLIAM POLLACK
DEFENDANT

16